IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CAPITAL AIRLINE ENGINE LEASING, LLC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-3105 |
| EUROPEAN AVIATION AIR CHARTER LTD., EUROPEAN AVIATION, LTD., and EUROPEAN SKYBUS LTD., | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Defendants European Aviation, Ltd. (Aviation) and European Skybus Ltd.'s (Skybus) Motion to Dismiss Plaintiff's Complaint (d/e 13). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part. The claims against Aviation are dismissed for lack of jurisdiction, but Skybus' Motion to Dismiss is denied.

STATEMENT OF FACTS

Aviation and Skybus move to dismiss for failure to state a claim and for lack of personal jurisdiction. For purposes of the Motion to Dismiss for failure to state a claim, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Plaintiff Capital Airline Engine Leasing, LLC (Capital). Hager v. City of West Peoria, 84 F.3d

1

865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). For purposes of the Motion to Dismiss for lack of personal jurisdiction, the Court must accept the jurisdictional allegations in the Complaint because Aviation and Skybus have not submitted any contravening affidavits. See Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

According to the Complaint, Capital is a Wyoming limited liability company whose members are all citizens of Wyoming or Illinois. The Defendants are all British corporations and have their principal places of business in England. Defendant European Aviation Air Charter, Ltd. (Charter) was dissolved in December 2008. Aviation was the parent corporation of Charter and owned 100 percent of the stock of Charter. Aviation, in turn, was owned by Gannet Investments, Ltd. (Gannet). Gannet owned Skybus also. Capital alleges that Skybus was an affiliate of Charter. Complaint, ¶¶ 2-5, 10-12.

On November 10, 2006, Capital leased a Pratt & Whitney Model JT8D-15 Turbofan Engine, serial number 709016 (Engine) to Charter for a term of 24 months. Id. ¶¶ 24-25. The Lease stated, in part, "If any parent, subsidiary, or affiliate shall use the Engine, then such parent, subsidiary or affiliate shall automatically become a party to this Lease by reason of such use and shall use the Engine on the same terms and conditions as Lessee." Id., Exhibit 2, Engine Lease Agreement dated November 10, 2006 (Lease), § 7. The rent was $12,000.00 per month. At the end of the Lease, the Lessee had to return the Engine at its own expense. Id. ¶ 19. If the Engine was

destroyed, lost or stolen the Engine would be deemed a total loss and "Lessee shall pay to Lessor within thirty (30) days of demand the 'Agreed Value' of such Engine . . . , together with all other payments owing under this Lease through such date." Lease § 10. The "Agreed Value" was $600,000.00. Id., Exhibit B. The Lease, further provided that upon default, Capital could recover the rent for the remainder of the Lease term, plus 12 percent prejudgment interest and attorney fees. Id. § 22. The Lease was to be construed in accordance with Illinois law, and the parties to the Lease expressly consented and agreed that any state or federal court in Illinois would have jurisdiction to hear any suit arising out of or in connection with the Lease. Id. §§ 26-27.

Capital delivered the Engine on November 13, 2006, in Miami, Florida. The Engine was then shipped to England. On December 27, 2006, the Engine was installed on a Boeing 737-229 commercial aircraft (Airplane) owned by Skybus. On January 10, 2007, Skybus exported the Airplane to Australia. The Airplane was then operated by OzJet Airlines Pty, Ltd. (OzJet). Gannet and an individual named Paul Stoddart owned 97 percent of OzJet. Stoddart was on the Board of Directors of all of the Defendants and OzJet. Capital alleges that OzJet was a related party to the Defendants. Complaint, ¶¶ 19-21, 27-33.

Skybus knew that the Engine was leased from Capital. Skybus invoiced OzJet for the $12,000.00 monthly rent. Capital does not know if OzJet paid Skybus the rent. Id. ¶ 34.

3

In May 2008, Stoddart and Gannet sold their ownership and controlling interests in OzJet to an Australian cargo airline named Heavy Lift Cargo Airlines (Heavy Lift). In connection with the sale, OzJet transferred the Airplane, with the Engine, to Heavy Lift. In connection with the sale, Stoddart warranted that the Lease could be terminated by OzJet "by sixty (60) days' written notice and redelivery to Bournemouth International Airport in serviceable condition" at Heavy Lift's expense. Complaint, Exhibit 4, Agreement for Purchase of Shares dated May 2, 2008 (Purchase Agreement), at § 5.9(b). Stoddart also warranted that "the arrangement for technical, computer and engineering support between the company [OzJet] and Stoddart's related entities, including but not limited to European Skybus Limited, European Aviation Air Charter Limited. . . . can be terminated by the Company [OzJet] by thirty 30 days' written notice." Id. § 5.9(c).

The term of the Lease ended 24 months after delivery on December 13, 2008. Capital made demand on Charter, Skybus, Stoddart, OzJet, and Heavy Lift for return of the Engine, but it was not returned. Capital secured a restraining order in Australia ordering the return of the Engine. The Engine, however, was taken to Jakarta, Indonesia. To the best of Capital's knowledge, the Engine is currently mounted on an airplane located at a maintenance facility in Jakarta. Capital alleges that the Engine is now a total loss. Capital seeks $848,520.00 in liquidated damages for the Engine, unpaid rent, interest and attorney fees up to the date of filing this action. Complaint, ¶¶ 39-41, 44-47.

ANALYSIS

Aviation and Skybus now move to dismiss for failure to state a claim and for lack of personal jurisdiction. Capital alleges that this Court has personal jurisdiction over Aviation and Skybus because the parties to the Lease consented to the jurisdiction of this Court and Aviation and Skybus each became a party to the Lease by using the Engine. Contractual consents to jurisdiction are effective and enforceable. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. 2005). A party can also become a party to a contract if a party has knowledge of the offer in the contract, accepts the benefits of the offer, and knows that the offeror expects compensation. Chillmark Partners, LLC v. MTS, Inc., 2003 WL 1964408, at *2 (N.D.Ill. 2003).[1]

In this case, Capital alleges that Skybus knew of the Lease and used the Engine knowing that Capital expected compensation. Capital alleges that: (1) Skybus was an affiliate of Charter; (2) the Lease stated that any affiliate that used the Engine agreed to be a Lessee under the Lease; (3) Skybus mounted the Engine on the Airplane owned by Skybus; (4) Skybus exported the Airplane with the Engine to OzJet in Australia; and (5) Skybus invoiced OzJet for the $12,000.00 per month rent called for in the Lease. Skybus has not submitted any evidence to controvert these allegations. For purposes of determining jurisdiction, therefore, the Court must assume the

---

[1]The Plaintiff in this case was actually named Chilmark Partners, LLC. The name is misspelled in the Westlaw caption for the case.

allegations are true. Turnock, 816 F.2d at 333. These allegations show that Skybus knew of the Lease, elected to take the benefits of the Lease by mounting the Engine on the Airplane, and knew that Capital expected compensation because Skybus invoiced OzJet for the rent. Skybus, therefore, accepted the terms of the Lease and became a party to the Lease, at least for purposes of determining jurisdiction. Pursuant to the terms of the Lease, Skybus consented to the jurisdiction of this Court. Skybus' Motion to Dismiss for lack of personal jurisdiction is denied.

Capital, however, does not allege that Aviation used the Engine. Capital only alleges that: (1) Aviation was part of the group of businesses owned by Gannet and Stoddart, including Skybus and OzJet; (2) Aviation was the parent corporation of Charter; and (3) Stoddart was the founder of some or all of these related companies and was a director of these companies. Capital does not allege that Aviation took possession of the Engine or the Airplane, or did anything else in relationship to the Lease. Capital further does not allege any basis to pierce the corporate veil or otherwise disregard the corporate form of any of these entities. Aviation, therefore, did not become a party to the Lease, and so, did not consent to the jurisdiction of this Court. Capital alleges no other basis for personal jurisdiction. The claims against Aviation are dismissed for lack of personal jurisdiction.

Skybus also moves to dismiss for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules

require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007). Under this standard, Capital states a claim against Skybus.

As explained above, Capital effectively alleges that Skybus became a lessee under the Lease by using the Engine, and so, taking the benefits of the Lease with the knowledge that Capital expected compensation. Skybus argues that it did not agree to be bound by the Lease. This is a factual issue. At this point, the Court must read the allegations in the light most favorable to Capital. When read in that light, Skybus agreed to be bound when it took the Engine knowing that the Lease stated that it

8

would be deemed a lessee and, subsequently, invoiced OzJet for the $12,000.00 in monthly rent. Skybus understood that it owed the rent to Capital. The allegations are sufficient to state a claim that Skybus became a lessee under the Lease.

Skybus also argues that Capital fails to allege a breach of the Lease. The Court disagrees. Capital alleges that some of the rent is unpaid, the Engine was not returned at the end of the Lease term as required by the Lease, and that the Engine is a total loss. Under the terms of the Lease, the lessee is liable for the unpaid rent, the $600,000.00 in liquidated damages for the loss of the Engine, plus interest and attorney fees. Capital also alleges that lessee is liable for rent for the time that the Engine was not returned after the end of the term of the Lease. As a lessee, Skybus is liable for all of these sums. Skybus allegedly has not paid these sums. Skybus, therefore, is alleged to be in breach of the Lease. Capital states a claim against Skybus.

Capital asks for the opportunity to conduct limited discovery to establish that this Court has personal jurisdiction over Aviation. Capital submits information indicating that Aviation operates a facility in Indianapolis, Indiana, and so, may have sufficient contacts with Illinois to give this personal jurisdiction over it. <u>Plaintiff's Response to Defendants' Motion to Dismiss (d/e 15)</u>, at 8. The Court has discretion to allow such discovery to resolve jurisdictional questions. <u>GCIU-Employer Retirement Fund v. Goldfarb Corp.</u>, 565 F.3d 1018, 1026 (7th Cir. 2009). In this case, however, the Court will not authorize discovery because Capital fails to allege that

Aviation was a party to the Lease. Therefore, even if this Court had jurisdiction, the Court would dismiss the claims against Aviation for failure to state a claim. In the interest of judicial economy, the Court will not authorize the requested discovery.

THEREFORE, Defendants European Aviation, Ltd. and European Skybus Ltd.'s Motion to Dismiss Plaintiff's Complaint (d/e 13) is ALLOWED in part and DENIED in part. The claims against Defendant European Aviation, Ltd., are dismissed for lack of personal jurisdiction. The Motion is otherwise denied. Defendant European Aviation, Ltd., is terminated as a party to this case. Defendant European Skybus Ltd. is directed to answer the Complaint by October 28, 2010. This matter is referred to Senior United States Magistrate Judge Charles H. Evans for scheduling.

ENTERED this __15th___ day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE