UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CAPITAL AIRLINE ENGINE LEASING, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.  10-3105 |
| EUROPEAN AVIATION AIR CHARTER, LTD., EUROPEAN AVIATION, LTD., and EUROPEAN SKYBUS, LTD., ) ) ) ) ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Plaintiff Capital Airline Engine Leasing, LLC's (Capital) "Motion  for Default Pursuant to Rule 55(a) Against Defendant European Aviation Air Charter, Ltd." (Motion for Entry of Default) (d/e 16) and Defendant European Aviation Air Charter, Ltd.'s (EAAC) "Motion to Dismiss Plaintiff's Complaint" (Motion to Dismiss) (d/e 31).  For the reasons stated below, both motions are DENIED.

I.  BACKGROUND

On May 4, 2010, Capital filed a Complaint against Defendants EAAC, European Aviation, Ltd. (European Aviation), and European Skybus Ltd. (European Skybus).  Capital submitted a Request for Service Abroad of Judicial or Extrajudicial Documents for each Defendant.  The summonses for Defendants European Aviation and European Skybus were returned executed by Capital and showed those Defendants were served on May 23, 2010, and May 27, 2010, respectively.  However, EEAC was never served and the summons for EEAC was returned unexecuted.

On August 12, 2010, Stephen R. Kaufmann and Scott A. Semenek filed their Entry of Appearance (d/e 7) on behalf of all the Defendants, including EAAC.  That same day, Defendants filed a Motion for Extension of Time to Plead (d/e 8).  Capital did not oppose this motion, and Defendants were given until August 30, 2010, to plead to the Complaint.

On August 30, 2010, Kaufmann and Semenek filed a Notice of

Withdrawal as Attorneys of Record for Defendant EAAC (Notice of Withdrawal) (d/e 12). Also on August 30, 2010, Kaufmann filed a Motion to Dismiss on behalf of European Aviation and European Skybus. On October 15, 2010, the Court dismissed the claims against European Aviation and terminated it as a party to the case. European Skybus was directed to answer the Complaint by October 28, 2010.

On September 16, 2010, Capital filed its Motion for Entry of Default against EAAC. Capital asked the Court to enter default against EAAC based on its failure to answer or otherwise plead and stated: "To date, no answer to the Complaint has been filed by Defendant [EAAC] even though that entity appeared before this Court on August 12, 2010, and requested and received leave of this Court to file an answer no later than August 30, 2010."

A September 30, 2010, minute entry indicates a telephone hearing was held regarding counsels' Notice of Withdrawal and Capital's Motion for Default Judgment. EAAC was reported as being involved in bankruptcy proceedings in England. Semenek agreed to obtain more

details regarding EAAC's bankruptcy proceedings to share with the Court and Capital's counsel. Semenek was to file a status report by November 1, 2010. No rulings were entered on any pending motions at that time.

European Skybus filed motions for extension of time to file the status report on October 28, 2010, November 23, 2010, and December 23, 2010. These motions were all granted. European Skybus filed the status report on January 20, 2011, and filed its Answer and affirmative defenses to Capital's Complaint the next day.

The January 20, 2011, status report on EAAC's bankruptcy stated that the Liquidator[1] had concluded the liquidation of EAAC at a final meeting of members and creditors on March 12, 2010. Attached to the status report was the Liquidator's Final Report, which states "there have been insufficient realizations to enable a dividend to unsecured creditors." The status report states "EAAC no longer conducts business

---

[1] The status report states a "liquidator" was placed in control of EAAC's assets in the same manner U.S. bankruptcy law confers control and authority to a bankruptcy trustee.

or owns any assets and has been fully liquidated and dissolved. Additionally, all claims against EAAC have been fully administered and discharged. In short, the entity no longer exists as a viable defendant."

On February 4, 2011, the Court held another telephone hearing regarding the pending Motion for Entry of Default as to EAAC. The minute entry indicates that "[a]ll attorneys agree that further contact is needed regarding the liquidation proceedings in England and their clients' positions so that the attorneys can proceed with a resolution of their disputes." The Court ordered counsel to file another status report on the bankruptcy by March 4, 2011.

On February 17, 2011, European Skybus filed a "Motion for Extension of Time for Resolution of Motion for Default Judgment Against European Aviation Air Charter" (d/e 28). That motion indicated counsel would be in contact with the Liquidator to determine whether other counsel would appear for EAAC or, in the alternative, whether the Liquidator would object to a default judgment being entered. The motion was granted, and a deadline of April 4, 2011, was set.

On April 4, 2011, counsel, on behalf of EAAC and European Skybus, filed a response to Capital's Motion for Entry of Default arguing that default judgment could not be entered against EAAC because EAAC had never been properly served and had not submitted to the jurisdiction of the Court. Also on April 4, 2011, EAAC filed a Motion to Dismiss in which it argued the Complaint should be dismissed under Rule 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to improper service.

## II. ANALYSIS

Both EAAC's arguments against default judgment being entered against it and Motion to Dismiss are premised on its belief that the Court does not have jurisdiction over EAAC because Capital has not properly served EAAC. The Court agrees.

A. Capital's Motion for Entry of Default

Plaintiff filed its Motion for Entry of Default Judgment seeking a default judgment based on EAAC's failure to answer or otherwise plead. Plaintiff's motion notes that EAAC filed an appearance on August 12,

2010, and sought an extension of time to answer.  EAAC maintains a default judgment cannot be entered against it because EAAC has not been served, and the Court, therefore, does not have jurisdiction to enter a judgment against EAAC.

A party seeking affirmative relief is entitled to a default judgment in its favor when the party from which relief is sought fails to plead or otherwise defend.  Fed.R.Civ.P. 55(a).  However, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  Moreover, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process."  Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).

Plaintiff seems to argue that EAAC waived its objections to personal jurisdiction when counsel entered an appearance on EAAC's behalf, filed for an extension of time to reply, and then filed a notice of

withdrawal of counsels' appearance on behalf of EAAC.  Entering an appearance does not waive a personal-jurisdiction defense.  See <u>Product Components, Inc. v Regency Door and Hardware, Inc.</u>, 568 F. Supp. 651, 655 (S.D. Ind. 1983) ("With the abolition of special appearances a party does not waive the defenses available to him by entering a general appearance in an action.  He may now appear and then raise his defenses either by way of responsive pleading or motion.").  "As long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under Fed.R.Civ.P. 12(b), they do not waive their Rule 12(b) defenses."  <u>Swanson v. City of Hammond, Indiana</u>, No. 10-3629, 2011 WL 834024, at *1 (7th Cir. 2011).

Moreover, the Seventh Circuit has stated that a preliminary litigation action, such as filing a motion for extension of time to file a responsive pleading, does not waive personal jurisdiction defenses.  <u>Swanson</u>. 2011 WL 834024, at *2 (7th Cir. 2011).  "To waive or forfeit [its] personal-jurisdiction defense, [a defendant] must create the

expectation that [it] will defend the suit on the merits." Id.

Here, EAAC did not file any responsive pleading between the time it entered both its appearance and motion for extension of time to plead and the date it filed both its response to Capital's Motion for Entry of Default and its Motion to Dismiss, both of which contained Rule 12(b) defenses.  Moreover, asking for additional time to file a responsive pleading could not reasonably affect Capital's expectations about whether EAAC would defend against the complaint on personal-jurisdiction grounds.  See Swanson. 2011 WL 834024, at *2.  This is especially true in this case, where there were several requests by European Skybus for extensions of time to file a status report, in part so that the parties could determine whether EAAC's Liquidator would oppose entry of default.

B.  EAAC's Motion to Dismiss

EAAC has filed its Motion to Dismiss pursuant to Rule 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure for insufficiency of service of process and lack of personal jurisdiction.  Rule 12(b)(5)

provides that a defendant may move to dismiss a complaint for "insufficient service of process." As stated, the Court does not have personal jurisdiction over a defendant when there has been insufficient process. <u>Robinson v. Turner</u>, 886 F. Supp. 1460, 1462 (S.D. Ind. 1995) (citing <u>Rabiolo v. Weinstein</u>, 357 F.2d 167, 168 (7th Cir. 1966)). Motions pursuant to Rule 12(b)(5) and Rule 12(b)(2) (a motion to dismiss for lack of personal jurisdiction) are interrelated, and the standards are the same for both motions. <u>Id.</u> Here, there is no question the summons for EAAC was returned unexecuted and EAAC has not been served as of this date.

 EAAC argues that the Complaint should be dismissed as to EAAC because Capital has not effectuated service since the complaint was filed on May 4, 2010. Rule 4(m) provides that the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time" if a defendant is not served within 120 days of plaintiff filing the complaint. Fed.R.Civ.P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time

for service for an appropriate period." Id.  However, the 120-day time limit in Rule 4(m) does not apply to service in a foreign country.  Id.

Courts have the discretion to allow a plaintiff a reasonable extension of time to effectuate service even if good cause is not shown. Poparic v. Lincoln Square Video, No. 08 C 3491, 2009 WL 1809922, at *1 (N.D. Ill. 2009) (citing Henderson v. United States, 517 U.S. 654, 662 (1996)).  However, the Seventh Circuit has stated that the amount of time allowed for foreign service is not unlimited because district courts need to be able to control their dockets.  Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (2005).  In Papst Licensing GmbH and Co. KG v. Sunonwealth Elec. Mach. Ind. Co., 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004), the court adopted a "flexible due diligence standard" in analyzing whether service of process was timely.  "The 'flexible due diligence' standard is measured by the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay." Id.

Here, Capital filed the complaint on May 4, 2010.  The summons for EAAC was returned unexecuted on June 10, 2010, and stated,

"Defendant Company ceased trading at the address given."  Numerous extensions have been granted so that defense counsel could obtain more information to share with Capital and the Court regarding EAAC's liquidation proceedings in England.  This information included whether the Liquidator of EAAC opposed entry of a default judgment or whether it was going to have counsel appear on EAAC's behalf.  While Capital has only made the one effort to serve EAAC, the majority of the delay has been due to European Skybus's requesting and receiving extensions of time to file status reports regarding the liquidation of EAAC so that it could be determined whether EAAC's Liquidator would oppose an entry of default or have counsel appear on EAAC's behalf.  Therefore, this Court does not find any delay by Capital in serving EAAC unreasonable.  Moreover, nothing in the record shows EAAC has been prejudiced by the delay or that it would be prejudiced by an extension of time for Capital to serve EAAC properly.

### III.  CONCLUSION

THEREFORE, Capital's Motion for Entry of Default (d/e 16) is

DENIED.  EAAC's Motion to Dismiss (d/e 31) is also DENIED.  In an exercise of the Court's discretion, Capital is given until August 1, 2011, to effectuate service upon EAAC.  If Capital cannot accomplish this, EAAC may file another motion to dismiss in which EAAC is entitled to raise all defenses, including all Rule 12(b) defenses.

    IT IS SO ORDERED.

ENTER: May 31, 2011.

    FOR THE COURT:

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE